# EXHIBIT B

03/28/00 02:21PM HPFAX Page 2

# MCKESSON
*Empowering Healthcare*

McKesson Corporation and its affiliated companies (collectively referred to as "McKesson")

## CUSTOMER APPLICATION
(Please print in block letters)

CD01-P V.01-11

Type of Business: ☐ Acute ☐ Primary Care ☐ Specialty ☐ Home Health ☐ Extended ☐ Long Term ☐ Pharmacy ☒ Closed Door ☐ Mail Order ☐ Supplier ☐ Other____

**Legal Company Name:** OPHPRMA Group, LLC
**Website Address:** www.opharmagroup.com
**Federal Tax ID / EIN:** 80-0992076

**Legal Address (Main Office):** 4733 W Atlantic Ave Suite 2
**City:** Delray Beach
**State:** FL
**Zip:** 33445

**Contact Name:** Steven Schneifer
**Title:** President
**Phone:** 561-270-2898

**Billing / Statement Address (if different than Main Office):**
**Accounts Payable Contact Person:** Steven Schrifr
**Accounts Payable Telephone:** ____
**Accounts Payable Fax:** ____
**Accounts Payable Email:** ____

**Shipping Information:** ☐ If more than 1 Ship-to, please attach multiple Ship-to's information

**DBA or Business Trade Name of Account:** Oncology Pharmacy Group
**Estimated Monthly Purchases:** $500,000
**Initial Order:** $ -0-
**Number of Employees:** 8

**Ship to Address:** Same.
**City:** ____
**State:** ____
**Zip:** ____

**Ship to Contact Person:** S. Schlofr
**Ship to Telephone:** 561-270-2898
**Ship to Fax:** 561-270-3540
**Ship to Email:** info@opharmagroup.com

**YEAR established:** 2013
**YEAR Current Ownership:** 2013
**State Org:** FL
Has applicant, applicant's parent or affiliates ever filed for bankruptcy? ☒ No ☐ Yes, attach explanation

Ownership Type: ☐ Proprietorship ☐ Partnership ☐ Limited Partnership ☐ Limited Liability Company ☒ Private Corp ☐ Public Corp ☐ Professional Corp ☐ Non-Profit Corp ☐ Government

**Principal Owner(s) or Stockholder(s):** Steven Schleifr
**% Ownership(s):** 75

**NAME OF CONTROLLING ENTITY (if any):** Steven Schleifr
**Applicant's relationship to controlling entity:** SELF
**Phone:** 561-270-2898

**Address of Controlling Entity:** 6624 Murano Way
**City:** Lake Worth
**State:** FL
**Zip:** 33467

### REFERENCES:
**Primary Bank/Financial Institution:** Wells Fargo
**Account Number:** ____
**Contact Name:** Donna Lyn Seisul
**Phone:** 561-629-8335

**Primary Supply Provider:** H D Smith
**Account Number:** ____
**Contact Name:** ____
**Phone:** ____

**Primary Technology Provider:** Micro-Merchant
**Account Number:** ____
**Contact Name:** ____
**Phone:** 516-408-3159

Additional Information Required (if applicable, please attach these documents to this application):
☐ Copy of Resale/Tax Exemption Certificate
☒ Copy of DEA Registration, State Pharmacy License, or Medical License    DEA#____   HIN#____   Medical License # & State____
☐ Copies of 3 most recent and consecutive primary supplier statements
☒ Annual Financial Statements for the past 2 years (including balance sheet, income statement, and cash flow statements)

This section applies to all accounts with MCKESSON CORPORATION and its affiliated companies ("McKesson") Customer agrees to abide by (I) standard terms of sale provided or made available by McKesson and/or shown on McKesson's invoices or statements and (II) any written agreement or terms of sale with McKesson governing Customer's account. Customer agrees to pay for all purchases, fees and other charges incurred by Customer or an authorized user on any account of Customer, including service charges on past due amounts at the highest rate permitted by law (including purchases shipped and/or billed to a third-party agent on behalf of Customer). Any payment made after the net due date shall result in the loss of any prompt cash payment discount specified on the related invoice or statement and Customer shall pay the gross amount plus any applicable service charges. Without limiting McKesson's other legal rights, McKesson may exercise a right of set-off against amounts due Customer from McKesson Corporation or any of its affiliates. McKesson reserves the right, in its sole discretion, to change a payment term (including imposing cash payment upon delivery), to limit total credit and/or to suspend or discontinue the shipment of any orders to Customer if McKesson concludes that (I) there has been a material adverse change in the Customer's financial condition or payment performance or (II) Customer has ceased or is likely to cease to meet McKesson's credit requirements.

Customer represents that it is entitled to discounted prices from manufacturers as it has notified McKesson ("Contract Prices"). In consideration of McKesson allowing Customer to purchase products at Contract Prices, Customer represents that McKesson will be paid by the appropriate manufacturer the difference between McKesson's acquisition price and the Contract Price ("Chargeback") and Customer will be liable to McKesson for any unpaid Chargeback if any manufacturer (I) denies a Chargeback for any reason, (II) makes an assignment for the benefit of creditors, files a petition in bankruptcy, is adjudicated insolvent or bankrupt, or if a receiver or trustee is appointed with respect to a substantial part of its property or a proceeding is begun which will substantially impair its ability to pay Chargebacks or (III) fails to pay McKesson Chargebacks for any reason other than McKesson's gross negligence.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating due to race, color, religion, national origin, sex, marital status, age; or because all or part of the Customer's income is from any public assistance program; or the Customer. In good faith, exercises any right under the Consumer Credit Protection Act. The Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580 administers compliance with this law. Customer represents and warrants that Customer has read and understands this form and has reviewed the information provided in its entirety, including responses completed for Customer by a McKesson representative, and that all information is complete and correct. Customer agrees that McKesson will be relying on such information and will notify McKesson of any material changes to such information.

Customer agrees to provide McKesson with financial statements upon request. Customer authorizes McKesson, its employees, representatives, and agents to (I) investigate information provided and Customer's credit, financial and banking records, (II) obtain Customer's credit bureau report and (III) share with its affiliates experiential and transactional information regarding Customer and Customer's account. McKesson is authorized to retain information obtained as part of the application process whether or not the requested account and/or credit is granted. Customer agrees to pay all reasonable attorney fees and expenses or cost incurred by McKesson in enforcing its rights to collect amounts due from Customer. This form and any account opened in favor of Customer are subject to credit approval by McKesson.

By signing below, the undersigned authorized McKesson to order a consumer report related to the business principal(s) to determine credit eligibility.

**Authorized Signature:** SL
**Print Name:** Steven Schleifr
**Title:** Pres. d—T
**Date:** 10-20-14

(This form must be signed by a Corporate Officer, Partner, Owner or Authorized Agent)

## MCKESSON
*Empowering Healthcare*

McKesson Corporation and its Affiliated Companies (collectively referred to as "McKesson")
**TERMS AND CONDITIONS**
(Please print in block letters)

#234191

C003-P V.012-12

Customer Legal Name: **D Pharma Group LLC**
Customer DBA Name: **Oncology Pharmacy Group**
Address: **4733 W Atlantic Ave Su. TE 2**
City: **Delray Beach**   State: **FL**   Zip: **33445**

### CUSTOMER SET UP & AUTHORIZATION FOR ACH (electronic payment)

Bank Name: **Wells Fargo Bank**
Bank Transit ABA#: _____

Bank Address: **8945 Hypoluxo Rd**
Bank Account #: _____

City: **Lake Worth**   State: **FL**   Zip: **33467**
Bank Phone Number: **561-629-8325**

Statement delivery preference: Check ONE: ☐ Email ☒ Fax
Authorized Contact Name: **SS**
Phone: **561-270-2879**   Fax: **561-270-3540**

Email: **S.Schliefer @ opharmgroup.com**
Alternate Contact Name/Phone: **855-674-2764**

**************** IMPORTANT: Please attach a copy of a voided check ****************

Customer authorizes McKesson Corporation and its affiliates (collectively referred to as "McKesson") to initiate debit entries from Customer's account indicated above and Customer authorizes the financial institution named above (the "Institution"), to debit the same such account. Authority to initiate debit entries shall remain in full force and effect until McKesson and Institution have received written notice from Customer of its termination of such authorization. Customer understands that Customer has the legal right to stop payment of a debit entry by notification to Institution; provided, prior to such action, Customer shall give McKesson sufficient written notice to permit McKesson to take any necessary actions to avoid disruptions in payments from Customer.

Customer agrees to pay for all purchases, fees and other charges incurred by Customer or an authorized user on any account of Customer, including service charges on past due amounts at the highest rate permitted by law (including purchases shipped and/or billed to a third-party agent on behalf of Customer). Without limiting McKesson's other legal rights, McKesson may exercise a right of setoff against amounts due Customer from McKesson Corporation or any of its affiliates. McKesson reserves the right, in its sole discretion, to change a payment term (including imposing cash payment upon delivery), to limit total credit and/or to suspend or discontinue the shipment of any orders to Customer if McKesson concludes that (i) there has been a material change in the Customer's financial condition or payment performance or (ii) Customer has ceased or is likely to cease to meet McKesson's credit requirements.

Signature: _____  Print Name: **Steven Schliefer**  Title: **Pres**  Date: **10-20-14**

**AUTHORIZED SIGNATURE**
(This section must be signed by a Corporate Officer, Partner, or Authorized Agent)

### This section applies to all accounts with MCKESSON CORPORATION DRUG COMPANY

Please select one:
☐ Weekly Payment Terms: Purchases for invoices from Monday – Friday are due by Tuesday of the following week via Automated Clearinghouse (ACH) or other Electronic Funds Transfer (EFT) method acceptable to McKesson. The debit will be initiated by McKesson.
☐ Semi-Monthly Payment Terms: Payment is made from statement, with invoices dated from the 1st – 15th due at McKesson's "remit to" address on the 25th and invoices dated from the 16th – the last day of the month due at McKesson's "remit to" address on the 10th of the following month via Automated Clearinghouse (ACH) or other Electronic Funds Transfer (EFT) method acceptable to McKesson. The debit will be initiated by McKesson.
☒ Other: **Mo - thly T.L.C. wire.**

**Security Interest.** In order to secure timely and full payment and performance of all present and future obligations of Customer to McKesson Corporation and any of its affiliates (collectively referred to as "McKesson") (all collectively referred to as the "Obligations"), including, without limitation, all promissory notes, direct loans or sales on credit, Customer hereby grants to McKesson Corporation, for the benefit of McKesson, a security interest in all of Customer's right, title and interest in and to its personal property, whether now owned or hereafter acquired, including, without limitation, all Accounts, Cash, Chattel Paper, Deposit Accounts, Documents, Equipment, General Intangibles, Goods, Health Care Insurance Receivables, Instruments, Inventory, Investment Property, Letter-of-Credit Rights and promissory notes, together with all attachments, replacements, substitutions, additions and accessions, and all Proceeds and products thereof and all books and records relating to any of the foregoing (collectively, the "Collateral"). Capitalized terms used herein that constitute Collateral shall have the meanings given to such terms under the California Uniform Commercial Code. All items of Collateral shall remain personal property and not become part of any real estate regardless of the manner of affixation. The security interest granted hereby shall be deemed to constitute a purchase money security interest in any and all Collateral (including, without limitation, all Goods, Inventory and Equipment) purchased by Customer either directly from McKesson (thereby securing payment of the purchase price) or from a third party using proceeds of loans or advances made by McKesson (thereby securing repayment of such loans or advances). Customer authorizes McKesson to send notices to any other persons claiming a security interest in any of the Collateral. By its signature below, Customer acknowledges that McKesson Corporation shall file a UCC-1 financing statement with the applicable state agency in order to perfect the security interest granted hereby.

Signature: _____  Print Name: **Steven Schliefer**  Title: **President**  Date: **10-20-14**

**AUTHORIZED SIGNATURE**
(This section must be signed by a Corporate Officer, Partner, or Authorized Agent)

**Guaranty:** The undersigned (individually or collectively, the "Guarantor") hereby jointly and severally guarantees to McKesson Corporation and its affiliates (collectively referred to as "McKesson") that Customer will fully and promptly perform and pay all its present and future obligations to McKesson, whether direct or indirect, joint or several, absolute or contingent, secured or unsecured, matured or unmatured, and whether originally contracted with McKesson or otherwise acquired by McKesson. This guaranty applies to all of Customer's obligations to McKesson, even if such obligations are invalid or unenforceable against Customer for any reason and even if any security for such obligations is insufficient, invalid, unenforceable or not perfected. This guaranty is an absolute and unconditional guaranty of payment. It is a continuing guaranty and covers any future extensions of credit by McKesson to Customer. This guaranty is a guaranty of payment when due and not merely of collectability after judgment or other action against Customer.

McKesson may at any time, without Guarantor's consent, without notice to Guarantor and without affecting or impairing Guarantor's obligations under this guaranty, do any of the following: (i) renew, modify (including any increase or decrease in the rate of interest), or extend any obligations of Customer, of co-guarantors (whether hereunder or under a separate agreement) or of any other party at any time directly or contingently liable for the payment of any of Customer's obligations; (ii) enter into additional extensions of credit to Customer; (iii) accept partial payments of Customer's obligations; (iv) settle, release (by operation of law or otherwise), compound, compromise, collect or liquidate any of Customer's obligations and the security therefore in any manner; (v) consent to the transfer of security; or (vi) bid and purchase at any sale of security. Guarantor agrees, without McKesson first having to proceed against Customer or any security held by McKesson, to pay on demand (i) all sums due and to become due to McKesson from Customer and (ii) all losses, costs, attorney's fees or expenses which may be suffered by McKesson by reason of Customer's default on its obligations or Guarantor's default under this guaranty. Guarantor agrees to pay on demand any deficiency resulting from a sale of security held by McKesson even if the sale is made without notice to Guarantor. Guarantor's obligations under this guaranty are independent of and separate from the obligations of Customer. Upon the occurrence and during the continuance of any default by Customer, McKesson can sue any Guarantor separately from Customer, whether or not McKesson sues Customer in such lawsuit and whether or not McKesson sues Customer in a separate lawsuit. If McKesson elects to proceed with any course of action under this guaranty or against Customer, that election shall not preclude McKesson from taking any other course of action. This guaranty shall not be affected by any termination of or change in the relationship between Guarantor and Customer. Guarantor assumes all responsibility for keeping informed of (i) Customer's financial condition and assets, (ii) all other circumstances bearing upon the risk of nonpayment of Customer's obligations to McKesson and (iii) the nature, scope and extent of the risks which Guarantor assumes and incurs under this guaranty. Guarantor agrees that McKesson shall have no duty to advise Guarantor of information known to McKesson regarding such circumstances or risks. Guarantor waives (i) notice of McKesson's acceptance of this guaranty, (ii) presentment, demand, protest and notice of nonpayment or protest as to any note or obligation signed, accepted, endorsed or assigned to McKesson by Customer, (iii) any other demands and notices required by law and (iv) all set-offs and counterclaims.

Name: **Steven Schliefer**   Home Address: **6624 Murano way**   City: **Lake Worth**   State: **FL**   Zip: **33467**
Guarantor Signature: _____   Date: **10-20-14**   SSN#: _____
(This section must be signed by an owner/principal)

Name: **Steven Schliefer**   Home Address: **6624 Murano Way**   City: **Lake Worth**   State: **FL**   Zip: **33467**
Guarantor Signature: _____   Date: **10-20-14**   SS: _____
(This section must be signed by an owner/principal)